**Merle L. ADLER, Plaintiff—Appellant,**

v.

**COMMUNICATION WORKERS OF AMERICA, LOCAL 7803, a labor organization; et al., Defendants—Appellees.**

No. 04–35127.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2005.*

Decided July 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Patricia S. Rose, Esq., Seattle, WA, for Plaintiff–Appellant.

Lawrence R. Schwerin, Esq., Schwerin Campbell & Barnard, LLP, Seattle, WA, Raymond W. Martin, Esq., Stephanie Lindquist Scoville, Esq., Wheeler Trigg Kennedy, LLP, Denver, CO, for Defendants–Appellees.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Plaintiff/appellant Merle Adler worked for defendant/appellee U.S. West (now "Qwest") for approximately thirteen years as a warehouse supply attendant. In 2000, Qwest terminated Adler for cause. Adler sued his union and Qwest in a diversity action under Washington state law, alleging, *inter alia*, that they failed reasonably to accommodate his disability (epilepsy). Adler now challenges the district court's grant of summary judgment in favor of Qwest. Since the parties are familiar with the facts, we will not recount them here.

█ We affirm the district court's grant of summary judgment because Adler failed to establish three of the four prima facie elements of his failure to accommodate claim. To establish a prima facie case of failure reasonably to accommodate a disability under Washington state law, a plaintiff must show that:

(1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job;

(2) the employee was qualified to perform the essential functions of the job in question;

(3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and

(4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality.

*Hill v. BCTI Income Fund I*, 144 Wash.2d 172, 23 P.3d 440, 452–53 (2001) (citations omitted). First, Adler failed to show that his disability substantially limited his ability to perform his job. Although repeated-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ly asked during his deposition, Adler could not name one job function that his epilepsy or medication substantially impacted. Second, Adler failed to establish that he provided Qwest with notice of any substantial limitations that accompanied his disability. Although Adler notified Qwest that he had epilepsy and was taking medication, there is no evidence that Qwest was informed that his condition/medication caused any substantial limitations. Finally, Adler did not establish that specific accommodations were medically necessary. Neither Adler's treating physicians nor his retained expert could say that specific accommodations were medically necessary.

■ We also conclude that the district court did not abuse its discretion by granting Qwest's motion to strike the declarations of Anna Storrs and John Doe. Adler failed to disclose Storrs and Doe as required by Federal Rule of Civil Procedure 26; therefore, the court was well within its discretion in excluding their declarations under Rule 37.

■ Nor did the district court abuse its discretion in denying Adler's motion for reconsideration on the ground that the Washington Supreme Court was preparing to decide *Riehl v. Foodmaker, Inc.*, 152 Wash.2d 138, 94 P.3d 930 (2004). Adler argued that he was entitled to reconsideration because the outcome of *Riehl* could impact substantive law relevant to the "medically necessary" element of his failure to accommodate claim. The district court, however, properly denied Adler's motion because the court relied on alternative grounds for granting summary judgment, other than the "medically necessary" requirement under *Hill. See Enlow v. Salem–Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir.2004) (noting that summary judgment may be affirmed on any ground supported by the record).

■ Finally, the district court did not abuse its discretion by awarding costs to Qwest pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.1999); however, a prevailing party may be denied its costs for reasons other than the party's misconduct during civil rights litigation if other factors render the case "extraordinary," such that it would be "inappropriate or inequitable to award costs." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir.2000) (en banc). Adler made no such showing here.

AFFIRMED